# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY WASTIER, an individual, RANDALL REELITZ, an individual and MIRIAM B. ARLAN, an individual,<br><br>　　　　　　　　　　Plaintiffs,<br><br>vs.<br><br>SCHWAN'S CONSUMER BRANDS, NORTH AMERICA, INC., a Minnesota Corporation; and DOES 1 through 100 INCLUSIVE,<br><br>　　　　　　　　　　Defendants. | CASE NO. 07CV1594<br><br>**ORDER GRANTING PLAINTIFFS' MOTION TO REMAND** |

Presently before the Court are Plaintiffs' Motion to Remand [Doc. No. 5], Defendants' Opposition [Doc. No. 11], and Plainitffs' Reply [Doc. No. 12.] For the following reasons, this Court **GRANTS** Plaintiffs' Motion to Remand.

**BACKGROUND**

On July 6, 2007, Plaintiffs sued Defendant Schwan's Consumer Brands North America, Inc. in the Superior Court of the State of California for the County of San Diego. [Defs.' Opposition at 2.] Plaintiffs sought relief under California state law for: (1) failing to pay overtime compensation; (2) failing to provide itemized wage statements; and (3) with regard to Plaintiff, Miriam B. Arlan only, failure to pay overtime after employment. [Pls.' Motion at 1.] Defendants

1  filed a notice of removal in federal court on August 10, 2007.  On September 7, 2007, Plaintiffs
2  filed a motion to remand the case to the San Diego Superior Court.
3
4  **LEGAL STANDARD**
5  A federal court may exercise removal jurisdiction over a case only if jurisdiction
6  existed over the suit as originally brought by the plaintiffs.  28 U.S.C. §1441.  A strong
7  presumption exists against removal jurisdiction.  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir.
8  1992).  Accordingly, when there is a doubt as to removability, it is resolved in favor of
9  remanding the case to state court.  Id.  The removing party bears the burden of establishing that
10 federal subject matter jurisdiction exists.  Emrich Touche Ross & Co., 846 F2d 1190, 1195 (9th
11 Cir. 1988).  In order to establish removal jurisdiction over a diversity action, the removing
12 defendants must establish compliance with 28 U.S.C. § 1332(a), which provides for diversity
13 jurisdiction where (a) the amount in controversy exceeds $75,000.00, and, (b) the suit is between
14 citizens of different states. Where the complaint, as in the present case, does not allege a specific
15 amount of damages, the removing defendants must prove, by a preponderance of the evidence, that
16 the amount in controversy exceeds the jurisdictional minimum.  Sanchez v. Monumental Life Ins.
17 Co., 95 F.3d 856, 862 (9th Cir. 1996).
18
19 **ANALYSIS**
20 Plaintiffs argue that the Court should remand this case to the San Diego Superior Court
21 because Defendants cannot show that Plaintiffs' claims satisfy the amount in controversy
22 requirement.  Defendants contend: (1) that the requirement is satisfied by aggregating Plaintiffs'
23 claims; and (2) even without aggregation, each Plaintiff individually satisfies the requirement.  For
24 the reasons set forth below, the Court finds Plaintiffs' motion to remand should be granted.
25
26
27
28

**I.     Defendants Have Failed to Demonstrate that Plaintiffs' Claims Exceed $75,000**

**1.     Defendants May Not Aggregate Plaintiffs' Claims**

The law is well-settled that multiple plaintiffs who join in a single lawsuit to enforce "separate and distinct" rights may not reach the requisite amount in controversy by aggregating their claims.  See, e.g., Troy Bank of Troy, Ind., v. G.A. Whitehead & Co., 222 U.S. 39, 40 (1911); Pinel v. Pinel, 240 U.S. 594, 596 (1916); Phipps v. Praxair, Inc., 1999 U.S. Dist. LEXIS 18745 (S.D. Cal. 1999).  Instead, plaintiffs who seek to enforce "separate and distinct" rights must each have an amount in controversy that exceeds $75,000.  Snyder v. Harris, 394 U.S. 332, 335-36 (1969); Zahn v. Int'l Paper Co., 414 U.S. 291, 294-95 (1973).  Multiple plaintiffs may, however, aggregate claims that seek to enforce "a single right or title in which they hold a common and undivided interest."  Snyder, 394 U.S. at 335; Troy Bank of Troy, Ind., 222 U.S. at 40; Potrero Hill Community Action Comm. v. Hous. Auth., 410 F.2d 974, 978 (9th Cir. 1969) (stating that aggregation is proper if the claims derive from rights that plaintiffs hold in group status); Budget Rent-A-Car Sys., Inc. v. Stauber, 849 F. Supp. 743, 746 (D. Haw. 1994) (same); Kessler v. Nat'l Enters., Inc., 347 F.3d 1076, 1079 (8th Cir. 2003) (stating plaintiffs "must share a common interest in the collection of a single liability").

The principle that plaintiffs may not reach the jurisdictional amount in controversy by combining separate and distinct claims has its origins in Oliver v. Alexander, 31 U.S. 143 (1832).[1] The plaintiffs in Oliver were seamen who sued in admiralty to recover lost wages.  After receiving an award in the circuit court, the seamen jointly appealed to the Supreme Court, which at that time could not hear such an appeal unless the amount in controversy exceeded $2,000.  The seamen argued that although none of them had claims exceeding $900, the combined value of their claims far exceeded $2,000.  The Supreme Court rejected their attempt at claim aggregation, stating that "the whole proceeding . . . from the beginning to the end of the suit, though it assumes the form of a joint suit; is in reality a mere joinder of distinct causes of action by distinct parties."  Id. at 147. Finding the seamen possessed separate and distinct claims, the Court held that "no seaman can

---

[1] See Snyder, 394 U.S. at 339 (noting that anti-aggregation rule originated with Oliver); Zahn, 414 U.S. at 294 n.3 (same).

appeal . . . from the circuit court to the Supreme Court, unless his claim exceeds two thousand dollars." Id.  No individual seaman had claims exceeding $2,000; therefore, the Court dismissed the appeal for lack of jurisdiction. Id. at 150.

Since 1832, the Supreme Court has reaffirmed this principle on several occasions. See Pinel, 240 U.S. at 596 (finding separate and distinct claims when plaintiffs sought different individual payments from defendants); Zahn, 414 U.S. at 295 & n.3 (citing the "unbroken line of decision[s]" applying the anti-aggregation rule in the context of joinder actions); Snyder, 394 U.S. 332 at 340 (noting the Supreme Court's consistent adherence to the rule since 1832).

In the present case, Defendants improperly aggregated alleged damages for three separate Plaintiffs in order to assert this Court's diversity jurisdiction over the matter.  Similar to the seamen in Oliver, Plaintiffs have asserted separate wage claims and share no undivided right or claim against the Defendants.  There is no common interest in the collection of a single liability.  Put simply, the group does not share a common right to a single paycheck.

Moreover, this Court recognizes that in similar cases, when a group of employees sues to recover wages or other benefits, courts usually deny aggregation. See Griffith v. Sealtite Corp., 903 F.2d 495, 498 (7th Cir. 1990) (finding claims for unpaid wages under a single employment contract were separate and distinct); More v. Intelcom Support Serv., Inc., 960 F.2d 466, 472-73 (5th Cir. 1992) (ruling that former employees suing an employer for wrongful discharge and breach of contract under their individual contracts must each individually satisfy the jurisdiction amount requirement); Georgiades v. Martin-Trigona, 729 F.2d 831, 833 (D.C. Cir. 1984) (denying aggregation of attorneys' fees owed to a lawyer and to his former law firm); Craig v. Congress Sportswear, 645 F. Supp. 162, 164 (D. Me. 1986) (denying aggregation to a class of former employees seeking severance pay); Pirrone v. North Hotel Assocs., 108 F.R.D. 78, 84 n.2 (E.D. Pa. 1985) (denying aggregation to a class of employees for minimum and overtime pay against employer under both the federal Fair Labor Standards Act and a parallel state statute); Blank v. Preventive Health Programs, 504 F. Supp. 416, 421 (S.D. Ga. 1980) (denying aggregation to former employees seeking unpaid wages).

Thus, Defendants may not properly invoke diversity jurisdiction based on an aggregation of Plaintiffs' claims.

### 2. Defendants Have Failed to Show That Any Individual Claim Exceeds $75,000

Defendants also contend that each Plaintiff has individually satisfied the amount in controversy requirement. They indicate that each Plaintiff seeks about $30,000 in compensation and penalties. [Defs.' Opp. at 4-6.]. This amount is well below the $75,000 jurisdictional minimum. However, Defendants argue that Plaintiffs' claims exceed the minimum because in addition to compensation and penalties, they each will "likely" seek $50,000 in attorney's fees. In coming to this conclusion, Defendants explain:

> For a case of this nature with three plaintiffs, Plaintiffs' counsel will likely seek to recover *at least* 250 hours in fees for each Plaintiff. At a rate of $200 per hour, the fees sought will likely be equal to or greater than $50,000 for each Plaintiff.

[Id. at 6.]

The Court notes that district courts in this circuit have disagreed whether attorney's fees incurred after the date of removal are properly included in the amount in controversy. Compare Faulkner v. Astro-Med, Inc., 1999 U.S. Dist. LEXIS 15801, 1999 WL 820198 at *4 (N.D. Cal. Oct. 4, 1999) ("When estimating attorney's fees for the purposes of establishing jurisdiction, the only fees that can be considered are those incurred as of the date of removal."); Conrad Assocs. v. Hartford Accident & Indem. Co., 994 F. Supp. 1196, 1200 (N.D. Cal. 1998) (declining to consider attorney's fees spent after the date of removal) with Brady v. Mercedes-Benz USA, Inc., 243 F. Supp.2d 1004, 1010-11 (N.D. Cal. 2002) (including "a reasonable estimate of attorney's fees likely to be expended" in calculating the amount in controversy); Simmons v. PCR Tech., 209 F. Supp.2d 1029, 1034-35 (N.D. Cal. 2002) (same); see also Burk v. Medical Sav. Ins. Co., 348 F. Supp. 2d 1063, 1068 (D. Ariz. 2004) (highlighting the disagreement among this circuit's district courts).

Thus, Defendants' estimate of Plaintiffs' fees for activities anticipated but not yet performed, even if accurate, may be irrelevant. Further, even assuming that the correct

1  approach is to include a reasonable estimate of fees likely to be recovered, Defendants'
2  calculations are speculative, lack evidentiary support, and are conclusory at best.
3  Therefore, the Court finds that Defendants have failed to prove the amount in controversy
4  is satisfied by a preponderance of the evidence and have not overcome the traditional
5  presumption against removal jurisdiction.

## CONCLUSION

For the foregoing reasons, this Court **GRANTS** Plaintiffs' motion to remand.

IT IS SO ORDERED.

DATED: December 5, 2007

*Janis L. Sammartino*
Honorable Janis L. Sammartino
United States District Judge